IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK THELEN,
# 16842-039,

       Petitioner,

vs.                                          Case No. 14-cv-247-DRH

JAMES CROSS,

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Patrick Thelen, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the sentence that was imposed following his federal jury trial in the Eastern District of Michigan on November 24, 1997. *See United States v. Thelen*, No. 97-cr-20015 (E.D. Mich. 1997). The instant petition was filed on February 20, 2014. It represents the most recent in petitioner's long line of challenges to his sentence and conviction.

Petitioner, once again, claims that new Supreme Court jurisprudence invalidates his classification as a "career offender" for sentencing purposes under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. This is certainly not the first time petitioner has made this argument. This time around, however, petitioner points to *Burrage v. United States*, 571 U.S. ---, 134 S.Ct. 881 (2014), a recent Supreme Court decision, in support of his argument that he is actually

innocent of being a career offender (Doc. 1, p. 8).

This case is now before the Court for preliminary review pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Background

Petitioner was charged with possession with intent to distribute cocaine[1] (Count 1), possession with intent to distribute methamphetamine[2] (Count 2), and being a felon in possession of a firearm[3] (Count 3). *See United States v. Thelen*, Case No. 97-cr-20015 (E.D. Mich. 1997). On November 24, 1997, the district court sentenced petitioner following a jury trial to 30 years on Count 1, 37 years on Count 2, and 10 years on Count 3, to be served concurrently (Doc. 47 in criminal case). Petitioner received a sentencing enhancement for being a career offender, based on two predicate offenses: (1) a (disputed) November 25, 1986, Oklahoma marijuana conviction, and; (2) a November 3, 1988, Michigan marijuana conviction. Shortly after his sentence was imposed, petitioner's 1986 Oklahoma case was dismissed at the request of the State.

---

[1] This was in violation of 21 U.S.C. § 841(a)(1).
[2] This was also in violation of 21 U.S.C. § 841(a)(1).
[3] This was in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

Since his federal sentencing, petitioner has filed numerous appeals concerning his 1997 sentencing and his 1986 Oklahoma case. Virtually none have been successful. The Sixth Circuit affirmed petitioner's guilty verdict on June 18, 1999. *See United States v. Thelen*, 182 F.3d 919 (6th Cir. 1999). Petitioner then filed a § 2255 motion to vacate his sentence on June 14, 2000, which the district court denied on August 7, 2002 (Docs. 72 and 88 in criminal case). The Sixth Circuit affirmed the district court's denial of petitioner's § 2255 motion on March 28, 2005. *See Thelen v. United States*, 131 F. App'x. 61 (6th Cir. 2005), cert. denied, 546 U.S. 969 (2005).

Petitioner filed challenges to the disposition of the 1986 Oklahoma case in the Sixth and Tenth Circuits. He filed a § 2254 petition for writ of habeas corpus on December 7, 2009, in the Northern District of Oklahoma. *Thelen v. Oklahoma*, 2010 WL 1629078 (N.D. Ok. 2010) (Doc. 1). The Tenth Circuit affirmed dismissal of that petition for lack of jurisdiction, reasoning that petitioner was not in custody under his 1986 sentence. *Thelen v. Oklahoma*, 396 F. App'x 489, 491 (10th Cir. 2010). The Tenth Circuit recommended that petitioner file a § 2255 petition in the Eastern District of Michigan. *Id.* Petitioner followed this recommendation, but the Sixth Circuit denied his second § 2255 motion on September 15, 2011 (Doc. 123 in criminal case).

Petitioner pursued relief under § 2241 in this district as well, by filing three § 2241 petitions before the instant petition.[4] *See Thelen v. Sherrod*, No. 10-cv-

---

[4] Petitioner also filed an unrelated § 2241 petition in this Court. *See Thelen v. Cross*, No. 11-cv-1044 (S.D. Ill. 2011).

418 (S.D. Ill. 2010); *Thelen v. Cross*, No. 12-cv-80 (S.D. Ill. 2012); *Thelen v. Cross*, No. 13-cv-1172 (S.D. Ill. 2013).

In the first ("2010 petition"), petitioner challenged his conviction as a felon in possession of a firearm. *Thelen v. Sherrod*, No. 10-cv-418 (S.D. Ill. 2010) (Doc. 1). The district court dismissed the 2010 petition, after finding that petitioner could have cured the alleged defect in his conviction by filing a § 2255 petition. *Id.* (Docs. 4, 9). The Seventh Circuit affirmed the district court's denial of the § 2241 petition. *Thelen v. Sherrod*, No. 10-3268 (7th Cir. 2011).

In the second ("2012 petition"), petitioner maintained that he was actually innocent of being a career offender, and that the Bureau of Prisons unfairly aggregated his sentences. *Thelen v. Cross*, No. 12-cv-80 (S.D. Ill. 2012). The 2012 petition rested primarily on *Carachuri-Rosendo v. Holder*, 530 U.S. 563 (2010), and other precedents stemming from *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009). That line of cases relate to mandatory minimum sentences and career offender sentences. This Court dismissed the 2012 petition on January 7, 2014. *Id.* (Doc. 78). Petitioner's appeal of the decision is currently pending. *Thelen v. Cross*, No. 14-1298 (7th Cir. 2014).

In the third ("2013 petition"), petitioner offered only a slight variation on the 2012 petition, citing more recent Supreme Court authority in support of his argument that he is actually innocent of being a career offender. *Thelen v. Cross*, No. 13-cv-1172 (S.D. Ill. 2013) (Doc. 1) (citing *Alleyne v. United States*, --- U.S. --,

133 S.Ct. 2151 (June 17, 2013)). During its preliminary review of the 2013 petition, this Court noted that *Alleyne* is merely one more case in the line stemming from *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009). Further, the Supreme Court did not make *Alleyne* retroactive to cases on collateral review. Because the 2012 petition was still pending and this Court wanted to avoid potentially conflicting rulings, however, the Court ordered a response to the 2013 petition. The third petition is still pending.

## The Habeas Petition

The instant petition represents the fourth § 2241 petition ("2014 petition") that petitioner has filed in this Court to challenge his conviction and/or sentence. Petitioner, once again, maintains that he is actually innocent of being a career offender. *Thelen v. Cross*, No. 14-cv-247 (S.D. Ill. 2014) (Doc. 1). He argues that his career offender status is predicated on (1) the offense of conviction being a felony; and (2) the offense statutory maximum offense level (Doc. 1, p. 7). He cites *Burrage v. United States*, 571 U.S. ---, 134 S.Ct. 881 (2014), in support of his argument that his convictions under 21 U.S.C. § 841(a)(1) are not actually felonies and therefore should not have been used to enhance his sentence (Doc. 1, p. 8). In addition, petitioner argues that he was never charged with, convicted of, or found guilty of a statutory offense yielding the maximum offense level of "life" (Doc. 1, pp. 8-9). Finally, petitioner asserts that the sentencing court had no jurisdiction to sentence him outside of 21 U.S.C. § 841(a)(1).

**Discussion**

Ordinarily, a person may challenge his federal conviction or sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). However, federal prisoners may utilize § 2241 to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

*In re Davenport*, 147 F.3d 605 (7th Cir. 1998), established three conditions for this exception to apply. *Id.* at 610-12. First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." *Rios*, 696 F.3d at 640. Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. *Id.* "The third condition is that [the] sentence enhancement . . . [was] a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.*; *see also Davenport*, 147 F.3d at 611 (a prisoner must show "a fundamental defect in his conviction or sentence.").

Petitioner has not shown, or even suggested, that his sentence enhancement was fundamentally defective under *Burrage v. United States*, 571 U.S. ---, 134 S.Ct. 881 (2014). On three separate occasions, petitioner has attempted to

supplement other habeas actions with arguments arising from his interpretation of this case. *Thelon v. Cross*, No. 13-cv-1172 (S.D. Ill. 2013) (Docs. 15 and 18); *Thelon v. Cross*, No. 12-cv-80 (S.D. Ill. 2012) (Doc. 86). Each time, the Court has denied his request and/or rejected his arguments. *Thelon v. Cross*, No. 13-cv-1172 (S.D. Ill. 2013) (Docs. 17 and 19); *Thelon v. Cross*, No. 12-cv-80 (S.D. Ill. 2012) (Doc. 87).

Petitioner's arguments meet with the same fate in this action. His reliance on *Burrage* is misplaced. That case is one generation removed from *Alleyne* and its progeny, the line of cases giving rise to petitioner's 2013 petition. *Alleyne v. United States*, --- U.S. --, 133 S.Ct. 2151 (June 17, 2013). Petitioner's arguments are largely repetitive and do not need to be rehashed in yet another habeas action.

Further, petitioner has not shown how *Burrage* is applicable to his case. As the Court previously explained to petitioner, *Burrage* involves that portion of the penalty enhancement provision of the Controlled Substance Act applicable when death or serious bodily injury results from use of the distributed substance. Petitioner was not subject to that particular provision. Accordingly, *Burrage* does not apply to his case, and the petition shall be dismissed with prejudice.

## **Disposition**

Based on the foregoing discussion, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4).

A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 24, 2014**

Digitally signed by
David R. Herndon
Date: 2014.03.24
10:49:36 -05'00'

**Chief Judge**
**United States District Court**